UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLINTON JAY THORN,

        Plaintiff,

v.

        Case No. 1:07-cv-155

        Hon. Wendell A. Miles

NORTHSIDE HOSPITAL, and PRINCIPAL LIFE
INSURANCE COMPANY,

        Defendants.
_____/

OPINION AND ORDER

        This matter is before the court on Plaintiff's Motion for Default Judgment as to defendant Principal Life Insurance Company (PLIC). For the following reasons, the motion is denied.

        Plaintiff, proceeding pro se, brings this action under the Employee Retirement Income Security Act (ERISA), and the Consolidated Omnibus Budget Reconciliation Act (COBRA). Plaintiff first named PLIC in his amended complaint filed April 27, 2007. According to the return of service, PLIC was served on May 16, 2007. (See docket #8). The summons clearly stated that PLIC had twenty days to answer the complaint, which would have been June 5, 2007. On June 7, 2007, Plaintiff filed a motion for default judgment against PLIC. PLIC filed its answer with affirmative defenses on June 13, 2007 (docket #12). Since that time, PLIC has fully and timely participated in this proceeding, including filing its joint status report, attending the Rule 16 conference, and filing a motion for summary judgment.

        When a defendant "has failed to plead or otherwise defend," a default and default judgment may be entered. Fed. R. Civ. P. 55(a), (b). Factors that may be considered by the

court when exercising its discretion as to entry of a default judgment include: (1) possible prejudice to the plaintiff, (2) the merits of the plaintiff's claim, (3) the sufficiency of the complaint, and (4) the amount of money at stake.  See Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986); Marshall v. Bowles, 92 Fed. App'x 283, (6th Cir. 2004).   The court must also take into account that trials on the merits are favored in the federal court.  United Coin Meter v. Seaboard Coastline Railroad, 705 F.2d 839 (6th Cir. 1983).   These factors do not generally weigh in Plaintiff's favor.  Plaintiff failed to assert any prejudice that he has suffered due to PLIC's seven day delay in filing its answer.  In the section of the complaint titled "Facts," Plaintiff makes allegations against "Defendant," without identifying whether he refers to PLIC or the second defendant, Northside Hospital.  Therefore, the complaint is sufficiently vague that the court is unable to discern the specific allegations against PLIC, and at this juncture is  unable to make a determination as to the merits of plaintiff's claims.  Plaintiff seeks a total award of $190,000, which is a substantial amount.  Additionally, the court concludes that PLIC's one week delay in filing its answer, in conjunction with its subsequent participation in this matter, is not so extreme as to warrant a default judgment, as such conduct does not demonstrate a clear failure "to plead or otherwise defend."

     For the foregoing reasons, the Plaintiff's Motion for Default Judgment (docket #11) is DENIED.

So ordered this 7th day of March, 2008.

                                                  /s/ Wendell A. Miles
                                                  Wendell A. Miles
                                                  Senior U.S. District Judge